## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LITTLE WASHINGTON FABRICATORS, INC.**<br><br>            *Plaintiff,*<br><br>                    **v.**<br><br>**J. BLANCO ASSOCIATES, INC. and VICTOR M. RAMOS,**<br><br>                **Defendants.** | **Civil Action No.  19-19982**<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Little Washington Fabricators, Inc.'s ("Plaintiff") unopposed Motions for the Entry of Default Judgment[1] pursuant to Federal Rule of Civil Procedure 55(b) against Defendants J. Blanco Associates, Inc. ("Blanco"), ECF No. 9, and Victor M. Ramos ("Ramos," or together with Blanco, "Defendants"), ECF No. 10;

and it appearing that this action arises out of a breach of an agreement for the fabrication and sale of certain materials and structures to be utilized at the Back River Waste Water Treatment Plant located in Maryland (the "Treatment Plant"), see generally Compl., ECF No. 1;

and it appearing that on July 12, 2016, Blanco issued a purchase order to Plaintiff for the fabrication and supply of certain structures, including the fabrication and delivery of a tank, for a total amount of $32,742.00 ("Purchase Order 2046"), id. ¶¶ 12-14;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that on August 2, 2016, Blanco issued a second purchase order to Plaintiff for the fabrication and delivery of another tank, as well as platform assemblies, for a total amount of $144,508.50 ("Purchase Order 2071"), id. ¶¶17-19;

and it appearing that on October 25, 2016, Blanco issued a third purchase order to Plaintiff for the fabrication and delivery of other platform assemblies and associated hardware, for a total amount of $130,373.00 ("Purchase Order 2175"), id. ¶¶ 21-23;

and it appearing that Plaintiff fully performed all of its obligations under Purchase Orders 2046, 2071, and 2175 (collectively the "Purchase Orders"), which together total $307,623.50, id. ¶¶ 25-26;

and it appearing that as of the filing of the Complaint in this matter, Defendants have paid Plaintiff a total of $165,010.04 on the Purchase Orders, id. ¶ 28;

and it appearing that on November 8, 2019, Plaintiff filed a two-count Complaint against Defendants asserting (1) breach of contract against Blanco for failing to pay the full amount invoiced within 60 or 65 days per the terms of the Purchase Orders, id. ¶¶ 30-37; and (2) personal liability against Ramos for violation of Maryland's construction trust law, id. ¶¶ 38-49;

and it appearing that Defendants have failed to answer or otherwise respond to the Complaint as of the date of this Order;

and it appearing that on February 19, 2020 and February 25, 2020, the Clerk of Court entered default against Defendants Blanco and Ramos, respectively;

and it appearing that the Court may enter default judgment only against properly-served defendants, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the Docket reflects service on Defendants, ECF Nos. 3-4;

and it appearing that before entering default judgment, the Court must determine whether it has personal jurisdiction over the parties and subject matter jurisdiction over the action, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has personal jurisdiction over the Defendants because Blanco is a New Jersey corporation with its principal place of business in Hawthorne, New Jersey and Ramos is a resident of New Jersey, Compl. ¶¶ 2-3; see Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011);

and it appearing that the Court has subject matter jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332; see Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015); Compl. ¶¶ 4, 37;

and it appearing that the Court must also determine whether Plaintiff has stated a sufficient cause of action and has proven damages before it enters default judgment, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-38 (D.N.J. 2008);

and it appearing that to state a claim for breach of contract under New Jersey law,[2] a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that [the plaintiff] performed its own contractual obligations," Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007);

and it appearing that Plaintiff's Complaint alleges that: (1) Plaintiff and Blanco entered into binding contracts for the fabrication and supply of the materials and services provided for in

_____

[2] Section 11 of the Terms and Conditions affixed to the Purchase Orders provides that these purchases "shall take effect and be construed in accordance with the Laws of the State of New Jersey applicable to agreements to be entirely performed within New Jersey even though goods or services ordered hereby may be shipped from or delivery made in another state." Compl., Exs. 1-3, ECF Nos. 1.1-1.3.

the Purchase Orders; (2) Blanco has failed to pay Plaintiff for the full amount invoiced within 60 or 65 days of the end of the month following receipt of invoices as proscribed by the Purchase Orders; (3) as a result of this failure to pay Plaintiff pursuant to the Purchase Orders, Plaintiff has been damaged in the amount of $142,613.46, together with interest from such time as the payments should have been made; and (4) Plaintiff has allegedly fully performed its obligations under the Purchase Orders, Compl. ¶¶ 30-37;

and it appearing that the Complaint therefore states a claim for breach of contract against Blanco;

and it appearing that to establish a violation of Maryland's construction trust law, Md. Real Prop. Code § 9-202, Plaintiff must allege that (1) an "officer, director, or managing agent of any contractor or subcontractor" (2) knowingly retained or used money held in trust under Md. Real Prop. Code § 9-201[3] "for any purpose other than to pay those subcontractors for whom the money is held in trust," and (3) the underlying work or materials were supplied for a public construction project owned by a governmental unit, and thus subject to the Maryland Little Miller Act, see C & B Constr., Inc. v. Dashiell, 190 A.3d 271, 280-81 (Md. 2018) (holding that §9-202 requires that the contract relate to either the Little Miller Act or Mechanics' Lien Statute);[4]

---

[3] Md. Real Prop. Code §9-201 provides that "[a]ny money paid under a contract by an owner to a contractor, or by the owner or contractor to a subcontractor for work done or materials furnished, or both, for or about a building by any subcontractor, shall be held in trust by the contractor or subcontractor, as trustee, for those subcontractors who did work or furnished materials, or both, for or about the building, for purposes of paying those subcontractors" and that "an officer, director, or managing agent of a contractor or subcontractor who has direction over or control of money held in trust" by a such a contractor "is a trustee for the purpose of paying the money to the subcontractors who are entitled to it."

[4] "The statute operates through three harmonious provisions: Real Prop. § 9-201, which creates the statutory duty to hold funds in a trust upon receipt; Real Prop. § 9-202, which establishes the penalty for a violation of this duty and permits personal liability for corporate debts; and Real Prop. § 9-204, which governs the applicability of the previous sections.  Together the three sections provide a remedy to those who have been aggrieved by the non-performance of a contract subject to the Little Miller Act or Mechanics' Lien Statute."  C & B Constr., Inc, 190 A.3d at 280-81.

4

and it appearing that Plaintiff's Complaint alleges (1) Ramos is the president and officer of Blanco; (2) Blanco was paid for its work at the Treatment Plant and Ramos knowingly retained or used the money held in trust for purposes other than paying Plaintiff; and (3) the Treatment Plant is a public project owned by the City of Baltimore, Compl. ¶¶ 39-46;

and it appearing that the Complaint therefore states a claim for violation of Maryland's construction trust law against Ramos;

and it appearing that although the Court accepts the facts pled in the Complaint "as true for the purpose of determining liability, the plaintiff must prove damages," Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *2 (D.N.J. Oct. 30, 2015);

and it appearing that the Complaint attaches copies of the Purchase Orders, which reflect the prices for each purchase order—$32,742.00, $144,508.50, and $130,373.00, respectively—that total $307,623.50, Compl., Exs. 1-3, ECF Nos. 1.1-1.3;

and it appearing that counsel for Plaintiff avers that of that $307,623.50 total, $142,613.46 remains unpaid by Defendants, Affidavit of George Sitaras ("Sitaras Aff.") ¶ 4, ECF No. 9.1;

and it appearing that the Court may award pre-judgment interest to parties prevailing on contract claims at the discretion of the trial court in accordance with equitable principles, Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 175 (3d Cir. 2001);

and it appearing that the Court must apply New Jersey law for determining the rate of prejudgment interest, see Kerns v. Logicworks Sys. Corp., No. 12-04146, 2015 WL 4548733, at *1 (D.N.J. July 28, 2015);

and it appearing that Plaintiff's affidavit in support of the Motion calculates the interest owed here using Maryland's prejudgment interest rate,[5] Sitaras Aff. ¶ 8-9;

---

[5] Plaintiff incorrectly asserts that "Maryland law controls the payment of prejudgment interest." Sitaras Aff. ¶ 7. "Federal courts sitting in diversity must apply state law with respect to prejudgment interest." Gleason v. Norwest

and it appearing that although Plaintiff has properly alleged damages amounting to $142,613.46, the Court will therefore not award prejudgment interest at this time, but will permit Plaintiff to file a supplemental affidavit calculating the prejudgment interest rate under New Jersey law;[6]

and it appearing that after the Court is satisfied that the prerequisites for entering default have been met, it must consider the following three factors: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether defendant's delay is due to culpable conduct," Walker v. Pennsylvania, 580 F. App'x 75, 78 (3d Cir. 2014);

and it appearing that Plaintiff would suffer prejudice if the Court denied default because denial would further delay compensating Plaintiff for damages suffered from Defendants' breach of the terms of the Purchase Orders;

and it appearing that, accepting the allegations in the Complaint as true, Defendants do not appear to have a meritorious defense, see HICA Educ. Loan Corp. v. Surikov, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015) (weighing this factor in the plaintiff's favor where the defendant failed to respond with "evidence or facts containing information that could provide the basis for a meritorious defense");

and it appearing that Defendants' failure to respond to the Complaint—which contains allegations of substantial financial injuries—demonstrates culpable conduct, see Slover v. Live

Mortg., Inc., 253 F. App'x 198, 203 (3d Cir. 2007) (citing Jarvis v. Johnson, 668 F.2d 740, 746 (3d Cir. 1982)). Even when another state's substantive law governs the dispute, New Jersey law still governs prejudgment interest awards in this District. Kerns, 2015 WL 4548733, at *1 (citing N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 569 (1999)). Therefore, this Court must apply New Jersey law for the rate of prejudgment interest.

[6] This supplemental affidavit should address whether Md. Real Prop. Code § 9-202 allows for the recovery of prejudgment interest. If not, prejudgment interest would only be recoverable as to Blanco. In any event, the rate proscribed by New Jersey law would still control for the reasons discussed in this Order.

Universe, Inc., No. 08-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is . . . presumed culpable where it has failed to answer, move, or otherwise respond.");

and it appearing that all three factors support the entry of default judgment;

**IT IS** on this 21st day of October, 2020;

**ORDERED** that Plaintiffs' Motions for the Entry of Default Judgment, ECF Nos. 9 & 10, are hereby **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that judgment is hereby entered against Defendants in the amount of $142,613.46, which represents the principal sum owed; and it is further

**ORDERED** that Plaintiff may file a letter and affidavit providing the Court with a new figure for prejudgment interest based on the rate applicable under New Jersey law.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**